UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NEDZAD MILJKOVIC,

        Plaintiff,

vs.                                       Case No. 3:12-cv-786-J-12MCR

WALLENIUS WILHELMSEN LOGISTICS
AMERICAS, LLC et. al.,

        Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff Nedzad Miljkovic's Motion to Compel (Doc. 45) filed March 29, 2013.

**I.   BACKGROUND**

Plaintiff brought the instant action alleging counts under both Title VII and the Florida Civil Rights Act for harassment and discrimination based on national origin; counts for harassment and discrimination based on religion; one count for violation of Section 1981 of the Civil Rights Act based on race; and conspiracy to deprive Plaintiff of his rights and privileges under Section 1985(3). See (Doc. 41). Essentially, Plaintiff contends he was discriminated against while working in Co-Defendant's Wallenius Wilhelmsen Logistics Americas, LLC, and/or WWL Vehicle Services Americas, Inc.'s (collectively, Defendant WWL) workplace. Defendant North Florida Staffing, LLC ("Defendant NFS") is a staffing company which supplied workers to Defendant WWL, Plaintiff being one of the workers.

-1-

On March 14, 2013, Plaintiff filed the instant Motion requesting that the Court enter an Order directing Defendant NFS to provide documents in response to his Fourth Set of Requests for Production Nos. 3, 6, 7, 9, 10, and 11.  (Doc. 45).  On April 19, 2013, Defendant NFS filed a Response in Opposition to Plaintiff's Motion arguing that Plaintiff's discovery requests are not legally probative.  (Doc. 49).  Accordingly, the matter is ripe for judicial review.

## II.    ANALYSIS

Motions to compel discovery brought pursuant to Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court.  Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  S.L. Sakansky & Assocs. v. Allied Am. Adjusting Co. of Fla., LLC, 2007 U.S. Dist. LEXIS 52633, 2007 WL 2010860, *1 (M.D. Fla. 2007).  Furthermore, according to the Middle District guidelines, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Rule 34 of the Federal Rules of Civil Procedure allows any party to serve on any other party a request for production of documents which concern matters within the

scope of Federal Rule of Civil Procedure 26(b).  Under Rule 26(b), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action."  Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947); Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979).  Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence.  Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974).

Again, Plaintiff requests an Order compelling the production of documents in response to Requests for Production Nos. 3, 6, 7, 9, 10, and 11.  (Doc. 45).  The Court will address each of these requests.

### A. Requests for Production No. 3- All Documents Identifying Names of WWL-Hired Employees

According to Defendant NFS, it has already produced the names of all those persons hired directly by Defendant WWL.  (Doc. 49, p. 4).  Therefore, this request is due to be denied as moot.

### B. Requests for Production No. 6- All Documents Identifying Names of WWL-Returned Employees to NFS

This request seeks all documents that identify the names of any "temporary employees" who were returned for unsatisfactory performance.  According to Defendant NFS, it has already produced a list of the names of those persons whom NFS placed at WWL and whom WWL terminated.  (Doc. 49, p. 4).  However, in the Motion to Compel,

Plaintiff has changed the request to state he wants documents showing the specific reason why the person was terminated, something not included in the initial discovery request. Therefore, because the documents requested have already been produced, this request is due to be denied as moot.

### C. Requests for Production No. 7- All Documents Identifying Names of WWL-Terminated Employees

Similar to Request for Production No. 6, Defendant NFS asserts that it has already produced a list of the names of those persons whom Defendant NFS placed at WWL and whom WWL terminated. (Doc. 49, p. 5). Again, this information has been provided and this request is due to be denied as moot.

### D. Requests for Production No. 9- All Documents Relating to All Complaints Made by All WWL-Temporary Employees

This request seeks production of complaints made to Defendant NFS by temporary employees alleging "discrimination or harassment while working at WWL or WWL Vehicle … ." Upon review of Plaintiff's Second Amended Complaint, the Court finds this request is relevant and could reasonably be calculated to lead to the discovery of admissible evidence. See Williams v. Asplundh Tree Expert Co., 2006 U.S. Dist. LEXIS 44995 (M.D. Fla. Jan. 9, 2006) (granting plaintiff's request for "documents relating to any complaints of racial discrimination or racial harassment committed by the defendant, its employees or agents," subject to the court's temporal and geographical limitations). Accordingly, Defendant NFS is ordered to provide a supplemental response to Request for Production No. 9, no later than **Wednesday, May 8, 2013.**

### E.   Requests for Production No. 10- All Documents Relating to Any Investigation into Complaints

This request seeks documents relating to any investigation made into the abovementioned complaints. Similar to Request for Production No. 9, the Court finds this request is relevant and could reasonably be calculated to lead to the discovery of admissible evidence. Accordingly, Defendant NFS is ordered to provide a supplemental response to Request for Production No. 10, no later than **Wednesday, May 8, 2013.**

### F.   Requests for Production No. 11- All Pre-Application Questionnaires

This request seeks Pre-Application Questionnaires completed for all "temporary employees" for a span of 17 months. In support of this request, Plaintiff contends that he did not write everything on his questionnaire and would like to compare it to others.[1]

It is true that the bounds of discovery under the Federal Rules of Procedure are interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Saunders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). However, courts routinely recognize that "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. In fact, courts have long held that "[w]hile the standard of relevance [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so." Martos v. Lee Memorial Health System, 2011 WL 322447, at *1 (M.D. Fla. Jan. 31,

---

[1] The portion of the questionnaire Plaintiff is contending he did not complete was his work experience and his traffic violations.

-5-

2011) (citing Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660, at * 1 (S.D. Fla. Aug. 9, 2010)).

Here, not only would the majority of the information on the requested questionnaires be confidential, the Court sees no probative value in compelling their production.[2]  Thus, Plaintiff's request to compel a response to Request No. 11 is due to be denied.

### G.     Attorney's Fees

The remaining issue is whether Defendant is entitled to recover attorney' fees and costs.  Federal Rule of Civil Procedure 37(a)(5)(C) provides:

> If the motion [to compel] is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

The court "has wide latitude in imposing sanctions for failure to comply with discovery." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994).  "Rule 37 sanctions are to be applied diligently."  In re Stauffer Seeds, Inc., 817 F.2d 47, 49 (8th Cir. 1987).  Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421-22 (6th Cir. 1998).  Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified.  Rickels v. City of South Bend,

---

[2] Indeed, even if production was compelled for this request, there would be no way to determine who completed each portion of the questionnaire.  And, if there were portions not completed by the applicant, there would be no way to determine whether it was with the consent of the applicant.

-6-

33 F.3d 785, 787 (7th Cir. 1994). A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). Here, the Court does not consider an award of attorneys fees to be appropriate at this time.

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 45) is **GRANTED in part and DENIED in part** as provided in the body of this Order. Defendant NFS shall serve Plaintiff with supplemental responses to Request for Production Nos. 9 and 10, no later than **Wednesday, May 8, 2013.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 26th day of April, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record